IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| NATHANIEL HARRIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| SUPERIOR COURT OF DECATUR COUNTY, | : | NO. 1:14-CV-46 (WLS) |
| Defendant | : | **O R D E R** |

Plaintiff **NATHANIEL HARRIS**, an inmate at Central State Prison, has filed a *pro se* complaint using this Court's standard 42 U.S.C. § 1983 form (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full.1 The Clerk of Court is directed to send a copy of this Order to the business

---

1   The filing fee for a civil action is $350.00. *See* 28 U.S.C. § 1914(1). As of May 1, 2013, an additional $50.00 administrative fee is generally imposed. *Id.* (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (Eff. May 1, 2013). This additional fee does not, however, apply to

1

manager of CSP.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will,

---

prisoners who are allowed to proceed *in forma pauperis*. *Id.*

therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff's claims relate to his treatment by his sole-named Defendant, the Superior Court of Decatur County, in 1991 and 1992. According to Plaintiff, said court (1) erred in issuing a bench warrant to extradite Plaintiff to Georgia from Florida, and (2) denied Plaintiff first appearance and "presentence" hearings. Plaintiff also summarily alleges that the Superior Court denied him equal protection of the law, access to the courts ("the doors of the court w[ere] close[d] to the public"), a jury selection that "conform[ed] to the Georgia and Fed[e]ral standard," and due process of law.

As relief, Plaintiff asks for "a hearing pursuant to due process in order to perfect the record

and remove certain allegedly erroneous information."

### III.  DISCUSSION

Plaintiff's only named Defendant, the Superior Court of Decatur County, is not a "person" subject to suit under section 1983.  It is neither a natural person, an artificial person, nor a quasi-artificial person subject to such suit.  ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989); *see also Salim v. Georgia*, 2008 WL 5456003 at *3 (M.D. Ga. Dec. 31, 2008).

Moreover, Plaintiff's claims appear to be barred by the statute of limitations.  The length of the statute of limitations for filing a section 1983 claim is controlled by state law.  ***Wilson v. Garcia***, 471 U.S. 261 (1985).  In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33.  ***Williams v. City of Atlanta***, 794 F.2d 624, 626 (11th Cir. 1986).  A claim accrues and the statute of limitations begins to run when the "facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  ***Lovett v. Ray***, 327 F.3d 1181, 1182 (11th Cir. 2003) (quotation omitted).  The events about which Plaintiff complains occurred more than twenty years ago, and he states no reason for this Court to question that the statute of limitations has *long* run.

Finally, it is apparent that Plaintiff wishes to challenge his conviction and/or sentence.  A section 1983 action is not the appropriate vehicle to do so.  ***Wilkinson v. Dotson***, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting ***Preiser v. Rodriguez***, 411 U.S. 475, 489 (1973)).  Instead, Plaintiff must file a habeas corpus petition under 28 U.S.C. § 2254.

Plaintiff previously filed a habeas petition challenging the same conviction and/or sentence

he now attempts to challenge.  *See Harris v. Tatum*, 1:10-cv-65 (WLS) (M.D. Ga. January 5, 2011).  After the Court dismissed that petition as untimely, Plaintiff filed another such petition, which was dismissed as second or successive.  *See Harris v. Holt*, 5:13-cv-296 (MTT) (M.D. Ga. Aug. 21, 2013).  As this Court informed Plaintiff in the latter Order, he must obtain permission from the Eleventh Circuit Court of Appeals before he may file another section 2254 petition in this Court,   *See* 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).2

## IV.  CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted, and the complaint shall be **DISMISSED** pursuant to 28 U.S.C. §1915A.

**SO ORDERED**, this   24th   day of March, 2014.

/s/ W. Louis Sands  
W. LOUIS SANDS  
UNITED STATES DISTRICT JUDGE

---

2  After the second dismissal, Plaintiff filed a "Motion to Clarify," in which he argued that he was not challenging his conviction, but rather a docketing error by the Superior Court. (5:13-cv-296, Doc. 7).  Then, as now, it is readily apparent that Plaintiff seeks relief that may be had only in a habeas action, not in a section 1983 lawsuit.

5